{¶ 72} Because I believe that George has failed to demonstrate that the trial court abused its discretion in denying a continuance, I respectfully dissent in part. First, as is conceded in the lead opinion, there is nothing in the record to indicate what documents or other materials had been seized in the December 2002 search. The mere allegation that "numerous legal documents relating to this case were seized" was certainly not sufficient to demonstrate either that those materials implicated the attorney-client privilege or that they were material to George's defense. George's — and his attorneys' — inability to describe the material in any greater detail would seem to belie their significance.
 {¶ 73} Moreover, the record does not indicate that George's counsel were prevented from retrieving the contested material. The lead opinion accepts without question counsel's explanation that counsel did not accept the material when it was offered because "they did not want to be part of the chain of custody." If the defense attorneys were asserting that the material should never have been seized, it is inconceivable why they would treat the materials as if they were in some manner tainted or why they would otherwise decline the offer to have the materials returned. Finally, in an age of digital storage and retrieval, George's suggestion that the materials could not be retrieved and reproduced seems disingenuous.
 {¶ 74} In any event, on the state of the record before us, it cannot be said that the trial court's refusal to grant a continuance on the basis of the contested material was unreasonable. Although I concur in the result that was reached in the remainder of the majority opinion, I would reject George's argument as it relates to the request for a continuance. Therefore, I respectfully dissent as to that part of the decision.